**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DENNIS OVERBAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-0046-SSA-CV-W-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Dennis Overbay is fifty years of age and alleges disability due to a shoulder injury, back pain and bipolar disorder.  Plaintiff seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*.  Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II.  Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

Plaintiff filed his application for disability insurance benefits on November 15, 2007, and applied for Supplemental Security Income on November 21, 2007.  Plaintiff alleges he became disabled beginning January 10, 2006.  These claims were denied initially on February 26, 2008. Plaintiff thereafter requested a hearing, which was held on August 18, 2009.  Plaintiff appeared in Kansas City, Missouri, with his attorney, and the Administrative Law Judge (ALJ) presided over the hearing via video conference from Albuquerque, New Mexico.  A vocational expert also appeared at the hearing.  On October 30, 2009, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.  On November 16, 2010, the Appeals Council

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

denied plaintiff's request for further review of the ALJ's decision. Thus, the ALJ's decision is the final decision of the Commissioner. The parties' briefs are fully submitted, and on October 24, 2011, an oral argument was held. The facts and arguments of the parties are fully set forth in their briefs and were further discussed at oral argument. These detailed facts and arguments will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

2

## Discussion

Here, the ALJ found plaintiff met the insured status requirements of the Social Security Act through September 30, 2008, and had not engaged in substantial activity since January 10, 2006, plaintiff's alleged onset date. The ALJ found that plaintiff had the severe impairments of: the residual effects of a cervical spine injury from the 1980's; the residual effects of a right shoulder injury; status post-arthroscopy of the right shoulder in 1998 and on April 10, 2006; mild degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease (COPD); a mental impairment variously diagnosed as anxiety disorder NOS and depressive disorder NOS, and a history of alcohol abuse in remission. The ALJ did not find that any impairment or combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that upon consideration of the entire record, plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity (RFC) assessment. The ALJ found that the record as a whole supported that plaintiff had the RFC to perform light work, except that plaintiff must avoid frequent repetitive overhead activities or overhead lifting, must avoid concentrated exposure to extreme cold and hazards such as hazardous machinery and unprotected heights. The ALJ also restricted plaintiff to avoid even moderate exposure to migration and fumes, odors, dust, gases and poor ventilation.

The ALJ, with the assistance of a vocational expert, determined that plaintiff could do his past relevant work as a sales estimator and telephone solicitor. These jobs were determined by the vocational expert as not precluded by the RFC determination of the ALJ. Thus, plaintiff was found to not be disabled as defined in the Social Security Act from January 10, 2006, to the date of the decision, October 30, 2009.

Plaintiff alleges the ALJ erred as follows: (1) the RFC failed to include a function-by-function analysis; (2) the RFC failed to include a proper narrative statement to support the RFC and the inconsistencies between the RFC and medical opinions; (3) at step four of the analysis

3

process, the ALJ did not perform proper analysis to determine whether plaintiff could perform his past relevant work; and (4) improperly discredited plaintiff's testimony.

Upon review, the Court notes that the record which was before the ALJ contains no medical evidence of physical restrictions imposed or recommended by any medical expert; with the one exception of a noted limitation in plaintiff lifting his right arm overhead. The ALJ noted in the RFC determination that plaintiff had a right arm overhead lifting limitation, and limited his RFC to no frequent lifting his arm overhead. Plaintiff alleges that the ALJ should have further restricted his RFC according to the restrictions of Drs. Deboy and Majoure-Lees who restricted plaintiff from any repetitive overhead reaching. However, the ALJ properly noted that plaintiff's treating shoulder surgeon specifically released plaintiff to "full duty," with no restriction regarding the use of his shoulder. The treating surgeon, Dr. Stechschulte, specifically noted a full range of motion and no pain. Drs. Jones and Deboy noted full strength in the arm with only a slight limitation in range of motion. As to Dr. Vail, his opinion was given after the unfavorable decision of the ALJ. Moreover, within his opinion, Dr. Vail states the report is based on subjective information given by the plaintiff and that no objective testing was done. This Court finds there is substantial evidence in the record to support the ALJ's weighing of the medical evidence and the corresponding RFC determination.

As to his mental impairments, plaintiff argues that the ALJ cited him as having the severe impairments of variously diagnosed anxiety disorder NOS and depressive disorder NOS, but then erred when he failed to include limitations in his RFC determination. Upon review, the evidence in the record as a whole supports the ALJ's conclusion that plaintiff's mental impairments were mild. The ALJ appropriately cited to the opinion of Dr. Israel, Ph.D., who examined plaintiff and found that he showed signs of depression, but that plaintiff retained normal mental functions and memory. Dr. Israel also noted his belief that plaintiff was intentionally trying to exaggerate his level of mental impairment. The ALJ also properly cited to plaintiff's daily activities which failed to indicate he was having any serious problems with his mental functioning. At best, the failure to include limitations for plaintiff's mental impairments was harmless error. An error is deemed "harmless" if the court can "say that the ALJ would inevitably have reached the same result" had the ALJ not made the error. Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007).

4

Here, the error was the ALJ including plaintiff's mild mental limitations in the finding of severe impairments. Nonetheless, this Court does not believe that the result in this case would have been different if the ALJ had properly concluded that plaintiff's mental impairments were nonsevere.

As to plaintiff's ability to do his past relevant work as a sales estimator and telephone solicitor, the ALJ properly cited to and relied on plaintiff's own statements on Social Security forms where plaintiff described his past relevant work as involving five hours of standing/ walking and two hours sitting per day and did not involve any significant lifting. No overhead activities were described or exposure to hazards or fumes. Plaintiff described the telephone solicitor job as requiring sitting most of day and no lifting. Plaintiff's own descriptions of his past relevant work show they were both within his residual functional capacity. See Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004) (the ALJ relied on claimant's own description of her past duties in making the finding that claimant could do her past relevant work). As to skill demands, the ALJ does not need to discuss whether plaintiff has the skill demands for work he has already done and knows how to do. There is nothing in the record to show that plaintiff could not do his past relevant work.

## Conclusion

This Court finds that there is substantial evidence in the record support the ALJ's decision that plaintiff was not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 29th day of November, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

5